**Roger SIMONSON, Appellant,**

v.

**MEADER DISTRIBUTION COMPANY, INC., Respondent.**

**No. C4–87–994.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Richard L. Hendrickson, Minneapolis, for appellant.

Dale E. Beihoffer, Mary E. Stumo, Faegre & Benson, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and RANDALL, JJ.

### OPINION

POPOVICH, Chief Judge.

Appellant commenced a wrongful termination action alleging breach of employ-

ment contract. The trial court granted respondent summary judgment. We affirm.

## FACTS

Appellant Roger Simonson was hired by respondent Meader Distribution Company, Inc. (Meader) as office manager on June 1, 1984. On October 19, 1984, Simonson was summarily discharged from Meader. The separation notice stated the reason for discharge was "unsatisfactory work performance."

By deposition, Meader detailed what constituted unsatisfactory work performance. Discussed with Simonson were complaints by female employees of appellant's habit of staring at them, taking time off without notifying or consulting a supervisor, mishandling accounts by not properly entering necessary data, falling asleep during an important meeting, and creating an unprecedented problem with the IRS for Meader.

After learning of the problem with the IRS, Meader audited Simonson's records. Upon completion, Simonson was discharged. Meader also learned Simonson misrepresented his employment history on his resume.

Meader distributes to its employees a policy manual which contains a page entitled "Progressive Discipline Policy." Simonson claims Meader's deviation from this procedure constitutes a breach of contract.

The district court granted summary judgment, dismissing Simonson's wrongful termination complaint, holding:

(1) The Policy Book expressly reserves to the Employer the discretion to deviate from its usual warning procedure; and

(2) As a matter of law, plaintiff cannot establish a breach of covenant of good faith and fair dealing.

It is from this judgment appeal is taken.

## ISSUES

1. Is summary judgment appropriate where the employer's policy manual reserves the right of employer to deviate from its usual warning procedure?

2. Is summary judgment appropriate where appellant's complaint alleges a breach of covenant of good faith and fair dealing in an employment-at-will relationship?

## ANALYSIS

1. The standard for granting summary judgment, Minn.R.Civ.P. 56.03, states in part:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

The Minnesota Supreme Court has stated:

On appeal from summary judgment, it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

Simonson contends Meader's policy manual, especially the progressive discipline policy, constitutes a contract demanding adherence to its rules. Simonson argues language in the policy manual reserving employer's discretion to vary from the policy manual is ambiguous. However, the policy manual contains three specific reservations of management discretion:

Management reserves the right to make any changes at any time by adding to, deleting, or changing any existing policy.

The rules set out below are as complete as we can reasonably make them. However, they are not necessarily all-inclusive, because circumstances that we have not anticipated may arise. Some currently unanticipated circumstances may warrant the application of discipline, including discharge.

Management may vary from the above policies if, in its opinion, the circumstances require.

■ It is well-settled Minnesota recognizes a modification of an employment-at-will relationship by adoption of a company's policy manual or handbook. *Pine River v. Mettille*, 333 N.W.2d 622, 627 (Minn. 1983). However, "[l]anguage in the handbook itself may reserve discretion in the employer in certain matters * * *." *Id.* at 627. The trial court relied on *Pine River* when it determined Meader reserved discretion not to follow its policy manual.

The Minnesota Supreme Court has said:

[T]he resolution of whether the language used rises to the level of a contract is for the court. Where * * * the intent of the parties is totally ascertainable from the writing, construction is for the court.

*Hunt v. IBM Mid America Employees Federal Credit Union*, 384 N.W.2d 853, 856 (Minn.1986); *see Gates Rubber Co. v. Porwoll*, 395 N.W.2d 92 (Minn.Ct.App. 1986).

Summary judgment is appropriate where "even accepting a plaintiff's version of the facts as true, the plaintiff cannot establish a modification of the at-will employment doctrine." *Corum v. Farm Credit Services*, 628 F.Supp. 707, 715 (D.Minn.1986).

■ 2. A covenant of good faith and fair dealing may be bargained for and agreed upon in an employment relationship. *Ecklund v. Vincent Brass and Aluminum Co.*, 351 N.W.2d 371, 378 (Minn.Ct. App.1984).

Simonson argues discussions of "long-term employment" and comments he was "doing a good job" constitute circumstances and acts between the parties which may express or imply a covenant of good faith and fair dealing.

These statements are not sufficiently definite to meet contractual requirements of a unilateral offer. *Cederstrand v. Lutheran Brotherhood*, 263 Minn. 520, 117 N.W.2d 213 (1962); *Degen v. Investors Diversified Services, Inc.*, 260 Minn. 424, 110 N.W.2d 863 (1961); *Dumas v. Kessler & Maguire Funeral Home*, 380 N.W.2d 544 (Minn.Ct.App.1986).

## DECISION

Meader expressly reserved the discretion to deviate from the policy provisions in its manual. Simonson failed to establish a genuine issue of material fact. Summary judgment was properly granted.

Affirmed.