Loren JOHNSON, Appellant,

v.

MINNESOTA HISTORICAL
SOCIETY, Appellee.

No. 90–5233.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 10, 1990.

Decided April 25, 1991.

Michael B. Chase, St. Paul, Minn., for appellant.

Michael Thomas Miller, Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG, Circuit Judges, and STROM,* District Judge.

STROM, District Judge.

Plaintiff Loren Johnson was employed by the Minnesota Historical Society to assist

* The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation.

in the preservation, restoration, and renovation of historical sites. Plaintiff was discharged in 1986 and filed suit alleging that his termination violated the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1985); the Minnesota Human Rights Act, Minn.Stat. §§ 363.01–363.15 (Supp.1991); and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1985). Johnson further alleged that the Society breached an implied covenant to deal with him in good faith. The district court granted defendant's motion for summary judgment and dismissed plaintiff's claims concluding: (1) plaintiff had failed to establish that his job continued in existence after his dismissal; (2) plaintiff failed to establish a prima facie case of discrimination on the basis of age or disability; (3) even if plaintiff had established a prima facie case, the defendant's reduction in force for economic reasons constitutes a legitimate, nondiscriminatory reason for his discharge; and (4) Minnesota does not recognize a claim based on an implied covenant of good faith and fair dealing.

We affirm the dismissal of plaintiff's claim based on an implied covenant of good faith and fair dealing. However, we find plaintiff raised genuine issues of material fact concerning his age and disability claims and therefore vacate the dismissal of those claims and remand to the district court for further proceedings.

FACTS

Johnson was employed by the Minnesota Historical Society ("Society") to assist in the preservation, restoration, and reconstruction of historical sites in Minnesota. Johnson began employment with the Society on March 3, 1963, and was terminated effective January 1, 1986, at age fifty-four (54). At the time of his termination, Johnson had a thirty-five per cent (35%) permanent partial disability to his back as a result of a 1963 automobile accident, was nearly blind in one eye, had a cataract in the other eye, and suffered from glaucoma.

In the early 1980's, over thirty per cent (30%) of the Society's budget was funded by federal money. However, the federal government subsequently reduced funding for historical preservation and the Society now receives approximately five per cent (5%) of its funding from the federal government, twenty per cent (20%) from private donors, and seventy-five per cent (75%) from the state government. The Society alleges that as a result of decreased funding, it imposed a variety of measures to cut its budget beginning in 1981. In late 1985, the Society restructured its organization, altering the positions of about twenty employees and dismissing two individuals, Johnson and Albert Galbraith. The Society alleges that Johnson's position was eliminated because the decrease in funding nearly eliminated restoration work so Johnson's position was no longer needed. Johnson offered to continue working for the Society at fifty per cent (50%) of his prior salary. The Society alleges this offer was refused because there was no funding to support projects employing Johnson's area of expertise.

Johnson filed age discrimination charges with the Equal Employment Opportunity Commission and the Minnesota Department of Human Rights, but withdrew the charges prior to a determination. Johnson filed this action claiming that he was discriminated against in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634 (1985); the Minnesota Human Rights Act, Minn. Stat. §§ 363.01–363.15 (Supp.1991); and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1985). Johnson further claims that the Society breached an implied covenant to deal with him in good faith.

The district court granted summary judgment in favor of the Society and dismissed Johnson's discrimination claims. The district court held that Johnson had failed to produce sufficient evidence suggesting that his job, in its various parts, continued in existence after his dismissal. The Court further stated that, even viewing the comments and actions of Society employees in the light most favorable to Johnson, the evidence was insufficient to establish a prima facie case of age or disability discrimination on the record presented to the Court. Finally, even if Johnson

had established a prima facie case of discrimination, the Society's reduction in force for economic reasons constituted a legitimate, nondiscriminatory reason for his discharge. This would shift the burden to Johnson to show that the reason was pretextual. Therefore, to avoid summary judgment, Johnson was required to show a genuine issue of material fact concerning the pretext which he did not do. The district court concluded that Johnson failed to provide substantial evidence that the Society acted with a discriminatory motive in discharging him because evidence relied on by Johnson did not contradict the nondiscriminatory reason for dismissal offered by the Society. The district court also granted summary judgment in favor of the Society dismissing Johnson's claim of an implied covenant of good faith and fair dealing. The court held that it was bound to follow Minnesota law and that the Minnesota appellate courts do not recognize such a claim. This appeal followed.

DISCUSSION

A. Discrimination Claims

 The United States Supreme Court set forth guidelines to analyze discrimination claims in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The guidelines set forth in *McDonnell Douglas* are applicable to cases arising under the ADEA, *see Halsell v. Kimberly–Clark Corp.*, 683 F.2d 285, 289 (8th Cir.1982), *cert. denied*, 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983), and to cases arising under the Rehabilitation Act of 1973, *see Johnson v. Legal Services of Arkansas, Inc.*, 813 F.2d 893, 896 (8th Cir.1987). To establish a prima facie case of age discrimination, the plaintiff must show that the defendant discharged him "under circumstances which gave rise to an inference of unlawful discrimination." *Halsell*, 683 F.2d at 289 (citing *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981)). Although the four criteria set forth in *McDonnell Douglas* provide one way of establishing a prima

facie case of employment discrimination, the proof necessary will vary according to the circumstances of the case. *Halsell*, 683 F.2d at 289.

The ultimate question is whether the defendant intentionally discriminated against the plaintiff based on his age. *See United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1983). The plaintiff may prove his case by either direct or circumstantial evidence, the trier of fact considering all the evidence giving it whatever weight and credence it deserves. *Id.* at 714 n. 3, 103 S.Ct. at 1481 n. 3. Once the plaintiff sets forth a prima facie case and the defendant responds by offering evidence of a non-discriminatory reason, the plaintiff may then rely on his prima facie case or go further and attempt to show the defendant's reasons were pretextual. *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 365 (8th Cir.1987), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). The trier of fact must then decide whether the rejection was discriminatory. *Aikens*, 460 U.S. at 714–15, 103 S.Ct. at 1481.

This Court considered the prima facie elements in a reduction-in-force case in *Leichihman v. Pickwick Int'l*, 814 F.2d 1263 (8th Cir.), *cert. denied*, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). In *Leichihman*, the plaintiff contended that his position was eliminated and he was fired while the defendant Pickwick International retained a younger employee to perform his duties. Therefore, because the plaintiff did not allege that a younger person was hired to replace him, the plaintiff was required to meet the following five elements to establish a prima facie case of age discrimination:

(1) He was between 40 and 70 years old at the time of his termination;[1]

(2) He was performing his job at a level that met the defendant's legitimate expectations;

(3) Despite his performance in his job, he was terminated;

---

1. The applicability of the ADEA has been amended to cover individuals "who are at least

40 years of age." *See* 29 U.S.C. § 631(a) (Supp. 1990).

(4) His job in its various parts continued in existence;

(5) His age was a determining factor in the defendant's actions.

*Id.* at 1268. The Court stated that the basis of plaintiff's claim required that he show that the defendant had some continuing need for his skills and services in that his various duties were still being performed. While the elements for a prima facie showing will necessarily vary to fit the particular factual controversy, any modification of the prima facie case must still require the plaintiff to create an inference of a discriminatory reason for his termination. *Id.* at 1269. The Court recognized that to establish a prima facie case "[i]t is possible that in some circumstances the showing that age was a determining factor in the employer's action will be sufficient, and the plaintiff need not show that his position continued to exist." *Id.* at 1270.

In *Holley v. Sanyo Mfg., Inc.*, 771 F.2d 1161 (8th Cir.1985), the defendant instituted a plant-wide reduction-in-force plan. The plaintiff was discharged after his position was combined with that of a younger employee and the younger employee given the new job. The Court recognized that proof that the plaintiff's position remained open until it was filled by a younger person was not specifically required in reduction-in-force situations. However, the fact that the plaintiff's duties were assumed by a younger person was in itself insufficient to establish a prima facie case. Rather, to establish a prima facie case, the plaintiff must come forward with additional evidence to establish that age was a factor in his termination. *Id.* at 1165. The Court reasoned that additional evidence was necessary otherwise every plaintiff in a protected age group would be allowed a trial simply because he was discharged during a reduction in force. This further showing could be made by statistical evidence, such as where a pattern of forced early retirement or failure to promote older employees is demonstrated. The showing could also be made by circumstantial evidence, such as where a preference for younger employees in the business organization is illustrat-

ed. "[T]he factually-oriented, case-by-case nature of ADEA claims requires that [the Court] not be overly rigid in [its] consideration of the evidence of discrimination a plaintiff may offer." *Id.* at 1166.

In *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363, 364 (8th Cir.1987), *cert denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989), the district court granted summary judgment in favor of the plaintiff's former employer holding that the plaintiff failed to demonstrate that age was a factor in his termination because he was discharged as part of a reduction in force. However, the plaintiff argued that his former employer's proffered reason for the discharge, reduction in the work force, was in itself pretextual.

This Court reversed the district court's award of summary judgment finding as a matter of law that the plaintiff had established a prima facie case of age discrimination. The Court held that the plaintiff joined issue on the very facts that the trial court found to be the non-discriminatory reason for the discharge and that "the plaintiff is not required to adopt as part of his case the reason given by the employer as to the discharge." *Id.* at 365. The Court stated:

> After a full trial weighing the credibility of the witnesses, the fact finder, jury or judge, might find that the overall evidence supported the employer's case thereby negating the plaintiff's proof of discrimination. On the other hand, the plaintiff's proof may well convince the factfinder that the employer's reason was pretextual and that the plaintiff's prima facie proof sustained the case.

*Id.* The Court noted that it was not deciding the ultimate issue of pretext as the case had only progressed to the point of defendant's motion for summary judgment and its holding went only to the issue of the proper analytical framework of a prima facie case.

In this case, conflicting evidence exists as to whether Johnson's job in its various parts continued in existence after his termination. The district court noted that the

Society argued "most of Johnson's responsibilities were not performed after he was discharged because the funding for restoration and reconstruction projects declined sharply.... [T]he responsibilities which remained were reassigned to Johnson's supervisor and to a second employee, Charles Nelson, or performed by outside agencies." *Johnson v. Minnesota Historical Society,* No. CV 4–88–727, memorandum op. at 4 (D.Minn. March 29, 1990). Johnson argued that after his dismissal, the Society continued to conduct significant amounts of reconstruction and rehabilitation work which he could have performed and that his responsibilities had been reassigned to younger employees. However, the district court concluded that the evidence showed only a minimal amount of work was reassigned to a younger employee, Charles Nelson, and therefore Johnson failed to establish a prima facie case because the evidence was insufficient to support a finding that his job in its various parts continued in existence. *Id.* memorandum op. at 5.

Johnson refers to various disparaging remarks made by employees of the Society to him such as that he was a "blind old bat," "old coot," "blind old coot," and "dirty old man." Johnson alleges that his supervisor mocked his back problems by mimicking his posture and walk. Johnson also refers to statements made by Russell W. Fridley, Director of the Society, in a deposition conducted on June 30, 1989, where he responded when asked if he felt Johnson's skills had deteriorated over time:

> I think in terms of archaelogy [sic] I wouldn't say his skills had deteriorated. I think other skills had improved. As with any art or science, you had many archaelogists [sic] who were somewhat younger than he and who were coming on with somewhat new ideas, fresh enthusiasm.

*Johnson v. Minnesota Historical Society,* No. CV 4–88–727, memorandum op. at 5 n. 5 (D.Minn. March 29, 1990) ("[sic]" in original). However, the district court concluded no pretext existed as a matter of law because the Society's reduction in force constituted a legitimate, nondiscriminatory reason for the discharge.

Summary judgment is appropriate only if, when viewing the facts in the light most favorable to the plaintiff and giving him the benefit of all reasonable factual inferences, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Leichihman v. Pickwick Int'l,* 814 F.2d 1263, 1268 (8th Cir.), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). Summary judgments should seldom be used in cases alleging employment discrimination. *Haglof v. Northwest Rehabilitation, Inc.,* 910 F.2d 492, 495 (8th Cir.1990). The reason is the special category in which Congress and the United States Supreme Court visualized these cases. *Hillebrand v. M–Tron Indus., Inc.,* 827 F.2d 363, 364 (8th Cir.1987), *cert denied,* 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989). Knowing that discrimination is difficult to prove by direct evidence, employment discrimination cases require a "simplified proof from a claimant in order to create an inference of discrimination and thereby establish a prima facie case." *Id.* at 364–65. Summary judgments should be sparingly used and then only in those rare instances where there is no dispute of fact and where there exists only one conclusion. *Id.* at 364. All the evidence must point one way and be susceptible of no reasonable inferences sustaining the position of the non-moving party. *Holley v. Sanyo Mfg. Inc.,* 771 F.2d 1161, 1164 (8th Cir.1985).

We find the district court erred in holding as a matter of law that Johnson had failed to establish a prima facie case. Conflicting evidence exists as to whether Johnson's job in its various parts has continued in existence. Further, it is a question of fact whether Johnson's age was a determining factor in the Society's actions. The factually oriented, case-by-case nature of discrimination claims requires the court not be overly rigid in considering evidence of discrimination offered by a plaintiff. It is for the trier of fact to decide the issue of pretext by reviewing all the direct or circumstantial evidence presented and giving it whatever weight and credence it deserves. The Court cannot say as a matter

of law that all the evidence thus presented points only one way and is not susceptible of a reasonable inference in favor of Johnson. Therefore, the district court erred in granting summary judgment in favor of the Society and dismissing Johnson's discrimination claims.

**B. Implied Covenant of Good Faith and Fair Dealing**

■ Johnson argues that the district court erred in granting summary judgment in favor of the Society and dismissing his claim based on breach of an implied covenant of good faith and fair dealing. The district court stated it was bound to follow Minnesota appellate authority which does not recognize the claim.

In *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), the Supreme Court announced that appellate courts must conduct a *de novo* review of a district court's determination of state law. The Court stated that independent appellate review will necessarily entail a careful consideration of the legal analysis used by a district court, and that such review should encourage a district court to explicate carefully the basis for its legal conclusions. Accordingly, we will conduct a *de novo* review to determine whether Minnesota recognizes a claim based on an implied covenant of good faith and fair dealing.

In *Hunt v. IBM Mid America Employees Federal Credit Union,* 384 N.W.2d 853 (Minn.1986), the Minnesota Supreme Court addressed an employee's argument that his employer breached an implied covenant stating that "we have not read an implied covenant of good faith and fair dealing into employment contracts." *Id.* at 858. The court stated that "[s]ince at least 1936, this court has recognized that 'permanent employment,' whether expressed in manuals or otherwise, does not change an at-will contract into one of 'discharge-for-cause-only' or create an implied covenant of discharge only in good faith." *Id.*

The court next examined the facts and circumstances surrounding hiring practices by the employer including the issuance of an employee manual, work evaluation, and statements of supervisors to determine whether a covenant was created. The court held as a matter of law that a covenant was not created between the parties stating that general policy statements in the employee handbook fell far short of meeting the contractual requirements of an enforceable covenant. *Id.* at 859.

In *Stowman v. Carlson Cos.,* 430 N.W.2d 490 (Minn.App.1988), the court rejected an argument that a covenant of good faith and fair dealing was created solely by virtue of the employment relationship. The court also found no factual basis on which to base an express covenant in fact. The only evidence presented by the employee consisted of a general statement in an employee handbook which the court held as a matter of law to be insufficient. *Id.* at 494–95. *See also Eklund v. Vincent Brass and Aluminum Co.,* 351 N.W.2d 371, 378 (Minn.App.1984) (Minnesota has not read a covenant of good faith into *all* contracts, but does recognize that the circumstances and acts of the parties may imply a contract).

It is clear that the Minnesota courts will not imply a covenant of good faith and fair dealing solely by virtue of the employment relationship. However, the courts will look to the actions of the parties and surrounding circumstances to determine whether an express covenant of good faith and fair dealing has arisen in fact between the parties.

The district court granted the Society's motion for summary judgment dismissing Johnson's claim based on an implied covenant of good faith and fair dealing reasoning that Minnesota does not recognize the claim. Although the district court did not address whether the actions of the parties and the factual circumstances surrounding Johnson's employment were sufficient to create a covenant of good faith and fair dealing, we find the evidence insufficient as a matter of law to create such a covenant. Accordingly, we find that the district court's grant of summary judgment was proper and the dismissal of Johnson's

claim based on an implied covenant and fair dealing will be affirmed.

CONCLUSION

We affirm the district court's dismissal of Johnson's claim based on an implied covenant of good faith and fair dealing. However, we find Johnson raised genuine issues of material fact concerning his age and disability discrimination claims, and that the grant of summary judgment on those claims was therefore in error. Accordingly, we vacate the dismissal in part and remand the case to the district court for further proceedings consistent with this opinion.