**Elmer J. WEBB, Jr., Appellant,**

**v.**

**ST. LOUIS POST–DISPATCH, Appellee.**

**No. 94–2127.**

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1995.

Decided March 30, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied May 11, 1995.*

* Judge Fagg would grant the suggestion for re-    hearing en banc.

Elmer J. Webb, Jr., pro se.

Curtis C. Calloway, St. Louis, MO, argued, for appellee.

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Elmer J. Webb appeals from the district court's grant of summary judgment to defendant in his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We reverse and remand.

Following his discharge from employment with the St. Louis Post–Dispatch (Post), Webb, an African–American, filed this suit claiming that he had been discriminated against on the basis of his race. He alleged that, while working as a "flyman," he began to experience a nervous condition due to the intense noise in his working environment; he repeatedly requested transfer to a less noisy area, but his requests were denied. Webb contended that the Post made accommodations for at least one white employee with a similar condition by moving him into an office position, and that the Post's failure to like-

wise accommodate him forced him to miss work on numerous occasions, resulting in his eventual termination. The Post moved for summary judgment, arguing it had a legitimate reason for terminating Webb; as for the failure to accommodate, the Post asserted that Webb did not have the necessary skills for an office position. Webb, however, maintained that this was a pretext for discrimination, and provided the following deposition excerpts:

Q  Can you type, Mr. Webb?

A  ... I ain't going to say 50 percent, but some of the [white employees] in the office can't type. . . .  I could call schedule names. . . .  That's what some of the employees did with less seniority than me.

\*       \*       \*       \*       \*       \*

Q  Do you have any computer skills for working in an office?

A  No, sir ... [but] I didn't see anybody in there doing computer work.

(R. Doc. 39 Ex. O at 80–81, 82–83.)  The district court granted summary judgment, concluding that Webb had been discharged for a valid nondiscriminatory reason, namely, unexcused absenteeism, and that Webb did not challenge the Post's assertion that, unlike the white employee with a similar condition, Webb was not qualified for an office position. Webb appeals.

In reviewing the district court's grant of summary judgment de novo, *see Kobrin v. University of Minn.*, 34 F.3d 698, 701 (8th Cir.1994), we note that summary judgment is proper only "where there is no dispute of fact and where there exists only one conclusion," *Johnson v. Minnesota Historical Soc'y*, 931 F.2d 1239, 1244 (8th Cir.1991). It appears that the Post's ultimate decision to terminate Webb was not directly motivated by his race, but by his unexcused absenteeism. Whether the Post discriminated against Webb in failing to accommodate his nervous condition, however, is still in issue: but for the lack of accommodation, would Webb have avoided the absences which resulted in his discharge? *See Vaughn v. Edel*, 918 F.2d 517, 522 (5th Cir.1990) (although employee's race "may not have directly motivated" decision to fire her,

race did play part in her employment relationship prior to termination). As in *Vaughn,* "[t]his circuit will not sterilize a seemingly objective decision to fire an employee when earlier discriminatory decisions have infected it." *Id.* at 523, *quoted in Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1325 (8th Cir.1994). In *Stacks,* we reiterated the necessity of " '[l]ook[ing] beyond the moment the decision [to fire ...] was made' " to find disparate treatment, *Stacks,* 27 F.3d at 1325 (citations omitted), noting that the employee's subsequent misconduct could not "shield the company from liability" for prior discriminatory acts. *Id.*

In likewise looking beyond the Post's decision to terminate and disregarding Webb's subsequent malfeasance in not documenting his medical absences, we believe the Post's failure to accommodate Webb's nervous condition possibly constituted discriminatory treatment. *See Graham v. Bendix Corp.,* 585 F.Supp. 1036, 1047 (N.D.Ind.1984) (discriminatory motive inferred where health-impaired non-minority employee was transferred to another job his health permitted him to perform, but minority plaintiff was denied such transfer); *see also McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973) (evidence of discrimination exists where white employees with job difficulties are retained, but black employees with same difficulties are terminated). While "[t]he question whether an individual is qualified is certainly a legitimate one upon which to base an employment decision," *see Heymann v. Tetra Plastics Corp.,* 640 F.2d 115, 123 (8th Cir.1981), we believe there was conflicting evidence as to whether this reason was a pretext for discrimination. We are concerned with the district court's conclusion that Webb did not contest his lack of office skills, as his deposition excerpts demonstrate that there may well have been entry-level positions which he could have performed as efficiently as other office personnel. This evidence, viewed in a light most favorable to Webb and giving him the benefit of all reasonable inferences, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986), was sufficient to preclude summary judgment. We note that in reaching this decision we have not considered Webb's proposed supplements to the record, "as this is not the extraordinary case where enlargement of the record is appropriate." *Falco Lime, Inc. v. Tide Towing Co.,* 29 F.3d 362, 366 n. 4 (8th Cir.1994).

Accordingly, we reverse and remand for further proceedings.

WOLLMAN, Circuit Judge, dissenting.

The district court gave careful consideration to this case, analyzing the facts and issues in a careful, thorough memorandum opinion that conscientiously applied the standards of review appropriate to a summary judgment motion.

With regard to the issue upon which the court now reverses and remands, the district court made the following observation by way of a footnote:

> Plaintiff also contends that a white employee who was unable to tolerate the noise in the pressroom was transferred to an office job. Plaintiff's supervisor has testified that Plaintiff did not have the skills necessary to qualify for an office position.... Plaintiff does not challenge that assertion. Defendant had no obligation to transfer Plaintiff to a position for which he was not qualified. Therefore, Defendant's failure to offer Plaintiff an office position is not unlawful. (citation omitted)

What more should be required of the district court is beyond me. To liken the facts of this case to those in *Stacks* does a disservice to the district court's careful consideration of Webb's contentions.

I would affirm the order granting summary judgment.