**IT IS HEREBY ORDERED** that plaintiff's motion for permanent injunction is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and to show cause [# 5–2, 5–3] is denied as moot.

**Hoover CASE, Plaintiff,**

v.

**ADT AUTOMOTIVE, INC., d/b/a, Metro Auto Auction of Kansas City, Inc., Defendant.**

**No. 96–3160–CV–S–RGC.**

United States District Court,
W.D. Missouri,
Southern Division.

Dec. 29, 1997.

Affirmed, ____ F.3d ____.

James D. Tucker, Harrison, Tucker & Hyde, Springfield, MO, for Plaintiff.

Stanley D. Davis, Christy A. Noland, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for Defendants.

### ORDER

RUSSELL G. CLARK, Senior District Judge.

This matter comes before the Court on defendant's Motion for Summary Judgment. On April 18, 1996, plaintiff filed with this Court a Complaint against defendant alleging violations of the American with Disabilities Act (hereinafter as "ADA") and the Missouri Human Rights Act (hereinafter as "MHRA"). On September 29, 1997, defendant filed with this Court its Motion for Summary Judgment. All briefings on defendant's Motion have now been completed, and the Motion is ripe for consideration by this Court. For the following reasons, the Court will grant defendant's Motion for Summary Judgment.

■ There are well-settled principles in ruling on a motion for summary judgment. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. *Langley v. Allstate Insurance Co.*, 995 F.2d 841, 844 (8th Cir.1993). Because the summary judgment remedy is drastic, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. *Umpleby v. United States*, 806 F.2d 812, 814 (8th Cir.1986). However, as the Supreme Court noted in *Celotex Corp. v. Catrett*, 477 U.S. 317, 328, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986): "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole."

■ In order for a motion for summary judgment to be defeated, the nonmoving party must resist the motion by making a sufficient showing on every element of its case on which it bears the burden of proof, *Rath v. Selection Research, Inc.*, 978 F.2d 1087, 1090 (8th Cir.1992), and the factual dispute "must be outcome determinative under prevailing law." *Get Away Club v. Coleman*, 969 F.2d 664, 666 (8th Cir.1992). In *Celotex Corp.*, 477 U.S. at 322–323, 106 S.Ct. 2548, the Court held that summary judgment is mandated against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." However, such a motion is to be viewed in the light most favorable to the opposing party who also must receive the benefit of all reasonable inferences to be drawn from the underlying facts. *Johnson v. Minnesota Historical Society*, 931 F.2d 1239, 1245 (8th Cir.1991).

■ The standard for granting a motion for summary judgment is similar to that of a directed verdict: the evidence must be such that a reasonable jury could not return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Westchem Agr. Chemicals, Inc. v. Ford Motor Co.*, 990 F.2d 426 (8th Cir.1993), *reh. denied,* May 6, 1993. Summary procedures are appropriate where the issues for resolution are primarily legal rather than factual. *Id.* at 1092. Issues of fact must be material to a resolution of the dispute between the parties; where the only disputed issues of fact are immaterial to the resolution of the legal issues, summary judgment is appropriate. *Get Away Club, Inc. v. Coleman*, 969 F.2d 664, 666 (8th Cir.1992). In ruling on a motion for summary judgment, the Court does not decide material fact issues, rather it determines whether or not they exist. *Parmenter v. Federal Deposit Ins. Corp.*, 925 F.2d 1088, 1092 (8th Cir.1991). With these standards in mind, the Court will proceed to consider defendant's Motion for Summary Judgment.

The facts as presented to the Court are brief and undisputed. Plaintiff Hoover Case (hereinafter as "Case") is an auctioneer. Defendant ADT Automotive (hereinafter as "ADT") is an automobile auction house where registered dealers converge to buy and sell vehicles at wholesale and on consignment according to terms established by the sellers. In early 1993, Case agreed to perform auction services for ADT for Chrysler factory sales. Case continued to perform the Chrysler auctions for ADT until December of 1993 when Case was diagnosed with bacterial meningitis. Case was hospitalized for 54 days and was partially paralyzed from the waist down as a result of his illness. Following his illness, Case sought to continue to perform the Chrysler auctions for ADT. ADT explained to Case that another auctioneer had replaced him and that ADT probably could not accommodate Case's paralyzed condition. Thereafter, Case filed the instant action with this Court alleging violation of the ADA and MHRA.

In its Motion for Summary Judgment, ADT argues that ADT should be granted summary judgment because Case was an independent contractor and is not, therefore, covered under either the ADA or the MHRA. In addition, ADT argues that Case's MHRA claim is barred under the statute of limitations. Because the Court will grant ADT summary judgment on both counts based upon Case's status as an independent contractor, the Court need not decide the question of the MHRA statute of limitations as it relates to Case's cause of action.

■ The Eighth Circuit has established that "the ADA protects 'employees' but not independent contractors." *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir.1997). Like the ADA, the MHRA provides disabled persons with a cause of action against a discriminating "employer." Mo. Rev.Stat. § 213.055.1(1)(a) (1996). The Eighth Circuit has recognized that "federal employment discrimination decisions are applicable and authoritative under the MHRA." *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 380 (8th Cir.1995). Given that the Eighth Circuit has construed the ADA to preclude coverage of independent contractors, this Court likewise holds that the MHRA also precludes coverage of independent contractors.

■ The Eighth Circuit has stated that, under the ADA, courts must look to "the general common law of agency to distinguish between protected employees and unprotected independent contractors." *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir.1997). This Court will likewise look to the common law in determining Case's status under the MHRA. The Supreme Court of the United States summarized the common law test for determining employment status as follows:

> In determining whether a hired party is an employee under the general common law of agency, we consider the hiring party's right to control the manner and means by which the product is accomplished; among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323–24, 112 S.Ct. 1344, 1348–1349, 117 L.Ed.2d 581 (1992).

■ In applying the common law test to the facts as presented to the Court, the Court finds that Case should not be identified as an employee of ADT but rather as an independent contractor to ADT. Case was the auctioneer at the Chrysler sales. The evidence shows that Case controlled the manner and means by which his auctioning services were performed. Once the minimum bid price was established, Case had the discretion in whether to accept or refuse a bid and had ultimate discretion as to how his "calling" of the auction would be performed. Even though ADT and Chrysler set parameters for the overall sales, Case still controlled

the manner and means by which his auctioning services, specifically the "calling" of the auction, were performed.

Other facts are also important in establishing that Case was indeed an independent contractor for ADT. Case did not receive any training from ADT on how to perform auctioning. Case was paid a flat fee from ADT at the end of each auction, and Case paid his own employment taxes on those fees. Case also did not receive benefits from ADT and paid his own health insurance premiums and worker's compensation insurance. Case owned his own auction company and performed auctioning services for entities other than ADT. Case had an assistant who he hired and paid himself.

Case performed his auctioning services at ADT locations, but Case also performed auctioning services for other entities at their business locations and other venues. Case was paid per auction and was required only to perform such duties as required of him to be an auctioneer at those auctions. In sum, Case does not appear to have been an employee as contemplated under the common law rules of agency. Indeed, the official commentary to the Restatement (Second) of Agency recognizes that auctioneers are generally considered independent contractors. *See* Restatement (Second) of Agency § 1(3) cmt. e (1958). Accordingly, the Court finds that Case was an independent contractor of ADT, and, as a result, Case is not covered under either the ADA or the MHRA, and the Court will, therefore, grant ADT's Motion for Summary Judgment.

Accordingly, it is

ORDERED that defendant ADT's Motion for Summary Judgment is GRANTED.