Charles E. **GRANT**, Trustee for the Bankruptcy Estate of Robert E. Wolfe, Jr. and Nettie K. Wolfe, Plaintiff,

v.

**DELCO OIL, INC., Defendant.**

Nos. 6:98–CV–1316–Orl–28C, 6:98–CV–1317–Orl–28C.

United States District Court, M.D. Florida, Orlando Division.

Aug. 22, 2000.

Frank Alexander Ford, Jr., Landis, Graham, French, Husfeld, Sherman & Ford, P.A., Deland, FL, Kevin E. Hooks, Littler Mendelson, P.C., Arthur Randell Brown, Jr., Alfred Truesdell, Brown, Ward, Salzman & Weiss, P.A., Orlando, FL, Garen E. Dodge, Littler Mendelson, P.C., Washington, D.C., for defendant.

James R. Tanner, Tanner Law Firm, P.A., New Smyrna Beach, FL, Catherine Anne Kyres, Catherine A. Kyres, P.A., Tampa, FL, for plaintiffs.

## ORDER

ANTOON, District Judge.

This cause is before the Court on the Motion To Add Bankruptcy Trustee as Party Plaintiff (Doc. 45 in Case No. 98–cv–1316, filed June 30, 2000) and Defendant Delco Oil's Motion For Summary Judgment (Doc. 31 in Case No. 98–cv–1316, filed May 31, 2000).

The United States Magistrate Judge has submitted a Report and Recommendation (Doc. 64, filed August 22, 2000) recommending that both Motions be granted in part and denied in part. No objections to the Report and Recommendation have been filed.

After an independent review of the record in this matter and noting that no objections were timely filed, the Court agrees with the findings of fact and conclusions of law in the Report and Recommen-

dation. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 64, filed August 22, 2000) is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. The Motion To Add Bankruptcy Trustee as Party Plaintiff (Doc. 45 in Case No. 98–cv–1316, filed June 30, 2000) is **GRANTED in part** and **DENIED in part.** Charles E. Grant, Trustee for the Bankruptcy Estate of Robert E. Wolfe, Jr. and Nettie K. Wolfe, is hereby substituted as the **sole** Plaintiff in Case Number 98–cv–1316. The caption of this action is hereby **AMENDED** in part to read, "Charles E. Grant, Trustee for the Bankruptcy Estate of Robert E. Wolfe, Jr. and Nettie K. Wolfe, Plaintiff" instead of "Nettie Wolfe, Plaintiff." All future filings in this matter shall be styled with Grant as the Plaintiff.

3. Defendant Delco Oil's Motion For Summary Judgment (Doc. 31 in Case No. 98–cv–1316, filed May 31, 2000) is **GRANTED in part** and **DENIED in part.** The Motion (Doc. 31) is **DENIED** with respect to the claims of sexual harassment and retaliation and is **GRANTED** as to the claim under the Employee Polygraph Protection Act.

CHARLES E. GRANT, Trustee for the Bankruptcy Estate of Robert E. Wolfe, Jr. and Nettie K. Wolfe, Plaintiff,

v.

DELCO OIL, INC., Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **MOTION TO ADD BANKRUPTCY TRUSTEE AS PARTY PLAINTIFF** [Docket No. 45] |
| **FILED:** | June 30, 2000 |
| **RECOMMENDATION:** **MOTION:** | **GRANTED in part and DENIED in part.** **DEFENDANT DELCO OIL, INC.'s MOTION FOR SUMMARY JUDGMENT** [Docket No. 31] |
| **FILED:** | May 31, 2000 |
| **RECOMMENDATION:** | **DENIED** with respect to Trustee's Title VII claims of sexual harassment and retaliation, and **GRANTED** in favor of defendant as to the plaintiff's claim under the Employee Polygraph Protection Act, 29 U.S.C.§ 2001. |

## I. *BACKGROUND*

### A. *Procedural Background*

On April 1, 1997, Nettie K. Wolfe resigned from her employment with defendant Delco Oil, Inc. ("Delco"). One week later, on April 8, 1997, Robert E. Wolfe, Jr. and Nettie Wolfe filed a voluntary petition under Chapter 7 in the United States Bankruptcy Court for the Middle District of Florida. On December 23, 1997, while her bankruptcy proceeding was still pending, Nettie Wolfe filed her Charge of Discrimination with the Equal Employment Office Commissioner ("EEOC").

Approximately, one year later, on November 25, 1998, Nettie Wolfe filed this present action against Delco for relief from alleged sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.;* and for Delco's alleged deprivation of Wolfe's rights under the Employee Poly-

748

graph Protection Act of 1988, (EPPA), 29 U.S.C. § 2005(c). The Wolfes' bankruptcy estate was closed by order dated February 25, 1999, which was filed on March 1, 1999. (*See* Doc. No. 33, Exhibit O). Upon becoming aware of the instant action, on June 21, 2000, the bankruptcy court reopened the Wolfes' bankruptcy estate. (*See* Doc. No. 45). On June 26, 2000, the bankruptcy court appointed Catherine A. Kyres—Nettie Wolfe's attorney in this civil action—to serve as counsel on behalf of the estate. (*See* Doc. No. 45). Charles E. Grant is the duly appointed Chapter 7 Trustee in the bankruptcy of the Robert and Nettie Wolfe. (Doc. No. 45).

On May 31, 2000, Delco filed a motion for summary judgment [Doc. No. 31], which was opposed by plaintiff [Doc. No. 36]. On June 30, 2000, plaintiff filed a motion to add bankruptcy trustee Charles W. Grant as party plaintiff in this case.

### B. *Factual Background*

Viewing the evidence in a light most favorable to the Trustee, the record reflects the following. Wolfe worked for Delco as an assistant store manager from November 1996 through April 1997. Elizabeth Rowe was the store manager and Wolfe's immediate supervisor. One of Delcos' supervisors, Donnie Meyer, repeatedly subjected Wolfe and Rowe to extreme sexual harassment. (Doc. No. 43 at 28–38; Doc. No. 41 at 23, 20–21, 35–36, 46–47, 74, 120–123). Wolfe complained about this conduct on numerous occasions to her store manager, Rowe. (Doc. No. 31). After the harassing conduct occurred, Rowe complained about it to Delco managers. (Doc. No. 41 at 24–28, 41, 52–58; Doc. No. 44 at 110–11). After making repeated complaints, Rowe met with various members of Delco's management (Doc. No. 41 at 38; Doc. 43 at 108). Rowe accompanied Wolfe, but was not allowed in the meeting. (Doc. No. 44 at 62). Rowe's supervisors did not tell Wolfe what actions, if any, would be taken against the harassing supervisor. (Doc. No. 52–53). Rowe ex-

plained to Wolfe that Meyer was not going to be fired, but that he had been placed on probation, and would be taken out of the store. Wolfe resigned shortly after the meeting with Delco's management, because she believed that the management was not serious about stopping the sexual harassment. (*Doc.* No. 43 at 55–56, 66–67).

Within a week of Rowe's and Wolfe's resignation, Wolfe was accused of stealing money from Delco. (Doc. No. 43 at 84). Wolfe was questioned by police, and consented to a polygraph examination conducted by the Edgewater Police Department. (Doc. No. 43 at 71, 85).

### II. *THE LAW*

#### A. *Standard of Review on Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593–94 (11th Cir.1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "de-

positions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox,* 64 F.3d 590, 594 (11th Cir.1995), quoting *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a suffi-cient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

In cases where employment discrimination has been alleged, the Eleventh Circuit has long stated that the granting of summary judgment is especially questionable, because such cases usually involve the examination of motive and intent. *Batey v. Stone,* 24 F.3d 1330, 1336 (11th Cir.1994) (quoting *Hayden v. First Nat'l Bank,* 595 F.2d 994, 997 (5th Cir.1979)). *Accord Johnson v. Minnesota Historical Soc'y,* 931 F.2d 1239, 1244 (8th Cir.1991) ("Summary judgment should seldom be used in cases alleging employment discrimination."). A defendant in an employment discrimination case is nevertheless entitled to summary judgment if the plaintiff has failed to establish a prima facie case. *See Pace v. Southern Railway System,* 701 F.2d 1383, 1391 (11th Cir.1983).

### B. Material Submitted in Opposition to Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that the party making a motion for summary judgment may submit affidavits to support its argument as the absence of a genuine issue of material fact. Rule 56(e) provides as follows regarding the materials that the non-movant must submit in response:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit

shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The non-movant must adduce significant probative evidence that would be sufficient for a jury to find for the non-movant. *LaChance v. Duffy's Draft House*, 146 F.3d 832, 834 (11th Cir.1998), *citing Liberty Lobby, Inc.*, 477 U.S. at 249, 106 S.Ct. 2505. A reviewing court generally cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion. *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir.1999). In considering a motion for summary judgment, a reviewing court must consider all the proffered evidence and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition. *Kennett–Murray Corporation v. Bone*, 622 F.2d 887, 893 (5th Cir.1980). However, when a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins and As-*

*sociates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984).

## C. *Title VII*

Title VII [1] makes it unlawful for an employer to intentionally discriminate against its employees based upon protected personal characteristics including race, color, religion, sex and national origin.[2] To establish a prima facie case of intentional discrimination, a Title VII plaintiff may rely upon direct, circumstantial, or statistical evidence. *See Holifield v. Reno*, 115 F.3d 1555, 1561–62 (11th Cir.1997). In the usual case, direct evidence is not present and the plaintiff must rely on circumstantial evidence. *Id.* at 1562. No matter the form of proof, however, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

### 1. Direct Evidence of Discrimination

Direct evidence of discrimination is "evidence which, if believed, would prove the existence of discrimination without inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989). Blatant remarks "whose intent could be nothing other than to discriminate" constitute direct evidence of discrimination. *Id.* at 582. Additionally, such remarks must be made by a decision maker, related to the challenged employment decision, and in temporal proximity to those decisions.[3] *See Trotter v. Board of*

---

**1.** 42 U.S.C. § 2000e et seq.

**2.** Title VII provides that "[i]t shall be an unlawful employment practice for an employer—to fail or refuse to hire or to discharge any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C.A. § 2000e–2(a)(1).

**3.** "Stray remarks" are discriminatory comments not made by a decision maker, not related to the challenged employment decision, or not in temporal proximity to those decisions. *See Hipp*, 65 F.Supp.2d at 1334. Stray remarks are not direct evidence of discrimination. *Id.* Stray remarks may, however, "provide circumstantial evidence to support an inference of discrimination." *Id.*,

*Trustees,* 91 F.3d 1449, 1453 (11th Cir. 1996); *Hipp v. Liberty Nat. Life Ins. Co.,* 65 F.Supp.2d 1314, 1334 (M.D.Fla.1999). *See,* e.g., *Taylor v. Runyon,* 175 F.3d 861, 867 (11th Cir.1999) (direct evidence of sex discrimination where decision maker told plaintiff she was denied promotion because her male competitor, who had a wife and children, needed the money more than plaintiff); *Caban–Wheeler v. Elsea,* 904 F.2d 1549 (11th Cir.1990) (direct evidence of race discrimination where decision maker told Hispanic plaintiff that he "needed a black director"); *Lindsey v. American Cast Iron Pipe Co.,* 772 F.2d 799 (11th Cir.1985) (direct evidence of age discrimination where decision maker told plaintiff that company wanted someone younger than plaintiff to fill assistant manager position).

 Facially neutral remarks from which plaintiff infers discriminatory intent are not directly probative of discrimination. *See Carter,* 870 F.2d at 582. Nor are remarks that merely suggest discrimination or that are subject to multiple interpretations. *See Taylor,* 175 F.3d at 867. Even nasty racial statements made by a supervisor are no substitute for proof that non-minority, similarly situated employees were treated better than plaintiff. *See,* e.g., *Jones v. Bessemer Carraway Medical Ctr.,* 137 F.3d 1306 (11th Cir.1998) (no direct evidence of race discrimination where nurse supervisor stated "you black girls make me sick," and "you black girls get away with everything" because such statements at most proved that head nurse harbored racial attitudes, and not that race was the cause of the plaintiff's discharge). If plaintiff presents direct evidence of discrimination, summary judgment for the defendant is rarely warranted.

### 2. Circumstantial Evidence of Discrimination

 For obvious reasons, direct evidence of an employer's discriminatory intent is often unavailable or difficult to ac-

*quoting Ross v. Rhodes Furniture, Inc.,* 146

quire. *See Combs v. Plantation Patterns,* 106 F.3d 1519, 1537 (11th Cir.1997). Consequently, Title VII plaintiffs may rely exclusively upon circumstantial evidence to create a genuine issue of fact as to whether defendant intentionally discriminated against plaintiff. 106 F.3d at 1527; *Batey v. Stone,* 24 F.3d 1330, 1333 (11th Cir. 1994). Circumstantial evidence is "evidence of facts or circumstances from which the existence or nonexistence of fact in issue may be inferred." *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir.1999), *quoting Black's Law Dictionary* 243 (6th ed.1990).

 When plaintiff's case turns on circumstantial evidence, plaintiff must first establish a prima facie case of intentional discrimination under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A valid prima facie case gives rise to a presumption of intentional discrimination. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

 To establish a prima facie case, plaintiff must adduce sufficient evidence to permit the fact finder to reasonably infer that each prima facie element is satisfied. *See Holifield,* 115 F.3d at 1562; *Arrington v. Cobb County,* 139 F.3d 865, 875 (11th Cir.1998) (prima facie case established if "jury might reasonably infer" that each prima facie element is satisfied); *Pace v. Southern Ry. System,* 701 F.2d 1383, 1391 (11th Cir.1983). Plaintiff cannot, however, "rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case[.]" *Pace,* 701 F.2d at 1391; *see also Earley v. Champion Intern. Corp.,* 907 F.2d 1077, 1083 (11th Cir.1990) (affirming summary judgment where plaintiffs advanced nothing "significantly probative" from which jury could reasonably infer that all prima

F.3d 1286, 1291 (11th Cir.1998).

facie elements were satisfied). Should plaintiff fail to establish a prima facie case, summary judgment is warranted. *Pace*, 701 F.2d at 1391.

■ If plaintiff establishes a prima facie case, the burden shifts to the defendant to produce at least one legitimate, nondiscriminatory reason for the challenged employment decision. *See Walker v. Mortham*, 158 F.3d 1177, 1183 (11th Cir.1998). Defendant's proffered reason must be clear, reasonably specific, and supported by admissible evidence. *See Burdine*, 450 U.S. at 255, 101 S.Ct. 1089. Defendant need not, however, "persuade the court that it was actually motivated by the proffered reasons... [i]t is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Combs*, 106 F.3d at 1528, *quoting Burdine*, 450 U.S. at 254–55, 101 S.Ct. 1089. In sum, defendant must "produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus." *Burdine*, 450 U.S. at 257, 101 S.Ct. 1089.

■ If defendant meets its burden of production, the burden shifts back to plaintiff to "demonstrate that the defendant's articulated reason for the adverse employment action is a mere pretext for discrimination." *Holifield*, 115 F.3d at 1564 (citations omitted). To carry its burden, plaintiff must "come forward with evidence, including the previously produced evidence establishing a prima facie case, sufficient to permit a reasonable fact finder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Combs*, 106 F.3d at 1528; *see also, Arrington*, 139 F.3d at 873.

■ Plaintiff may show pretext[4] by undermining the credibility of defendant's proffered explanation:

[P]roof that a defendant's articulated reasons are false is not proof of intentional discrimination; it is merely evidence of intentional discrimination. However, evidence of intentional discrimination is all a plaintiff needs to defeat a motion for summary judgment. That evidence must be sufficient to create a genuine factual issue with respect to the truthfulness of the defendant's proffered explanation.

*Arrington*, 139 F.3d at 874, *quoting Howard v. B.P. Oil Co.*, 32 F.3d 520, 525 (11th Cir.1994). *See also, Combs*, 106 F.3d at 1531 ("prima facie case plus evidence permitting disbelief of the employer's proffered reasons equals the plaintiff's entitlement to have the fact finder decide the ultimate issue of discrimination.")

■ Plaintiff cannot rely upon conclusory allegations of discrimination to establish pretext. *See Villanueva v. City of Fort Pierce*, 24 F.Supp.2d 1364, 1371 (S.D.Fla.1998). Instead, plaintiff must come forward with evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could find them unworthy of credence." *Combs*, 106 F.3d at 1538 (citation omitted).

■ In determining whether a genuine issue of fact exists, the Court takes care not to sit as a "super-personnel department that re-examines an entity's business decisions." *Alpin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1501 (11th Cir.1991) (citations omitted). A plaintiff may not establish that an employer's proffered reason is pretextual "merely by questioning the wisdom of the employer's reason, at least not where ... the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir.1997). Indeed, an "employer may [take an employ-

---

4. "Pretext" means "a false or weak reason or motive advanced to hide the actual or strong reason or motive." *Black's Law Dictionary* 1206 (7th ed.1999).

ment action] for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984).

## III. *APPLICATION AND CONCLUSION*

■ Nettie K. Wolfe's claims are assets of the Chapter 7 bankruptcy estate, and may be pursued only by the Trustee. It is therefore **RECOMMENDED** that plaintiff's motion to add the bankruptcy trustee as party plaintiff [Doc. No. 45] be **GRANTED in part and DENIED in part.** Charles E. Grant, Trustee for the Bankruptcy Estate of Robert E. Wolfe, Jr. and Nettie K. Wolfe should be substituted as the *sole* plaintiff, not an additional plaintiff. The caption should be amended as stated at the top of this order. It is

**FURTHER ORDERED** that, within eleven days of the date of this report, counsel for the Trustee shall file and serve a notice of filing attaching 1.) an affidavit of Charles E. Grant, Trustee, stating that he has elected to pursue the claims described in the Joint Pretrial Statement on behalf of the bankruptcy estate; and 2.) a statement of trial counsel responding to Delco Oil, Inc.'s suggestion of a conflict of interest under Local Rule 2.04(c) and the Code of Professional Conduct of the Florida Bar. This case remains set for trial on the trial term beginning on September 5, 2000. It is

**FURTHER RECOMMENDED** that defendant Delco Oil, Inc.'s motion for summary judgment [Doc. No. 31] be **DENIED** with respect to the Title VII claims of sexual harassment and retaliation. Drawing all inferences from the evidence in the light most favorable to the Trustee and resolving all reasonable doubts in the Trustee's favor, defendant Delco has failed to meet its burden of establishing that there is no genuine issue as to any material fact.

■ The Trustee has established a prima facie case of sexual harassment by providing sufficient evidence to permit the jury to reasonably find that: 1.) Wolfe belongs to a protected group; 2.) Wolfe was subjected to unwelcome sexual harassment; 3.) the harassment was based on Wolfe's gender; and 4.) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create an abusive working environment. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir.1999). The burden then shifts to Delco to show that summary judgment is warranted based on its affirmative defense that Delco took prompt and appropriate remedial action upon notice of the harassment. In this case, a genuine issue of fact exists as to whether Delco's conduct culminated in tangible adverse employment action and whether Delco took reasonable care to prevent and correct the alleged sexually harassing behavior. Accordingly, summary judgment is not warranted on plaintiff's sexual harassment claim.

■ Similarly, summary judgment is not warranted on the retaliation claim. Delco claims that summary judgment is appropriate on the plaintiff's retaliation claim because Wolfe failed to check the box for retaliation on her EEOC charge. A plaintiff may not assert a cause of action beyond the scope of the underlying administrative charges. According to the Eleventh Circuit, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Turner v. Orr*, 804 F.2d 1223, 1226 (11th Cir.1986) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)).

In this case, the scope of the investigations that would likely grow out of the EEOC charges that the plaintiff filed would include her claim of retaliation. In response to an EEOC Charge Questionnaire, Wolfe specifically discussed one of he events that she now claims was retalia-

tory—*i.e.*, whether Delco retaliated against Wolf for her alleged complaints of sexual harassment by accusing her of theft. (*See* Doc. No. 40, Exhibit B, Particulars). A reasonable investigation of this resignation would have included the alleged incidents of retaliation. (*See* Doc. No. 40). Accordingly, summary judgment should be **DENIED** on this claim. It is

**FURTHER RECOMMENDED** that defendant Delco Oil, Inc.'s motion for summary judgment [Docket No. 31] be **GRANTED** with respect to the Trustee's claim under the Employee Polygraph Protection Act, 29 U.S.C. § 2001, because the record does not reflect any admissible evidence that Delco was involved directly or indirectly in the polygraph examination of the plaintiff.

Failure to file and serve written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (e) and Local Rule 6.02, within eleven days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

GLAZEBROOK, United States Magistrate Judge.

Filed Aug. 22, 2000.