AUGUSTA IRON AND STEEL WORKS, INC., Plaintiff–Appellee, Cross–Appellant,

v.

EMPLOYERS INSURANCE OF WAU-SAU, Defendant–Appellant, Cross–Appellee.

No. 87–8154.

United States Court of Appeals, Eleventh Circuit.

Jan. 15, 1988.

John V. Burch, Bovis, Kyle & Burch, Matthew D. Williams, Atlanta, Ga., for defendant-appellant, cross-appellee.

Ted H. Clarkson, Knox & Zacks, Augusta, Ga., for plaintiff-appellee, cross-appellant.

Before HILL and FAY, Circuit Judges, and ALLGOOD *, Senior District Judge.

PER CURIAM:

This case comes to us on motions for summary judgment. The trial court found that the defendant, Employers Insurance of Wausau ("Wausau"), was liable for nearly $100,000 in interest payments. The trial court also found, however, that Wausau withheld the contested payments in good faith. Wausau appeals its liability for the interest payments; plaintiff, Augusta Iron and Steel Works, Inc. ("Augusta"), cross-appeals the finding of good faith. We affirm the summary judgment on the good faith issue but reverse the summary judgment for liability of interest since on that issue there still remains a material issue of fact.

I. BACKGROUND

On March 9, 1982, Augusta entered into a contract with Williams Bridge Company, Inc. ("Williams Bridge") to supply steel for the widening of several interstate bridges in Atlanta, Georgia. Williams Bridge originally agreed to pay $770,000 for the steel and to make the payments following the receipt of each shipment of steel. The contract provided that Augusta had the option of charging interest on past due accounts at the rate of 1.5% per month

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

(18% per annum). Wausau insured Williams Bridge's payment of the contract.

The first shipment of steel occurred on June 18, 1982. The first payment was for $186,981.41 and was due on July 10, 1982. Payment, however, was not made until August 27, 1982. When Williams Bridge finally made the payment, Augusta credited it against the principal. The records indicate that every other payment was also late and that Augusta applied all the payments against the principal and not against the interest. Williams Bridge's last payment, which left an unpaid balance of $13,276.40, took place in November, 1984.

Williams Bridge's financial condition deteriorated following the November payment, and it was forced to file for bankruptcy in June of 1985. Only one month earlier, Augusta had sent its very first written notice to Williams Bridge demanding interest on the late payments. After Williams Bridge filed for bankruptcy, Augusta demanded payment from Wausau for the remaining principal of $13,276.40 plus the total accrued interest. Wausau has paid the principal but contests the interest charges.

## II. WAUSAU'S LIABILITY FOR THE INTEREST PAYMENTS

■ This case raises a sophisticated question of Georgia law: Whether a surety can be liable for the interest on delinquent payments without first receiving notice that the insured's payments are untimely. Both parties have ably addressed this question; however, we are unable to reach the issue because there are disputed material facts that prevent a summary judgment.

We must view the evidence and all factual inferences that flow from the evidence in the light most favorable to the party opposing the motion for summary judgment. *Clark v. Union Mutual Life Insurance Co.*, 692 F.2d 1370, 1372 (11th Cir.1982). "If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." *Id.* We believe that under the undisputed facts a fact finder could reasonably draw the inference that Augusta had

waived its option to collect the interest for the late payments. The fact finder could base this inference on the fact that (1) Augusta never carried the interest charges in its own books; that (2) during the three years, Augusta never sent any invoice that mentioned the interest charges; and that (3) Augusta applied the late payments against the principal, not the accrued interest. Since Augusta's first written demand for interest came within a month of Williams Bridge's bankruptcy, a fact finder could also infer that Augusta's motive for not claiming the interest was to maintain a friendly relationship with its customer, Williams Bridge. Finally, the fact finder could conclude that Augusta demanded the interest only after it realized that Williams Bridge offered no hope of providing any future business.

Augusta replies that the affidavits from the President of Williams Bridge and the Vice–President of Augusta, which state that Augusta orally exercised its option to charge interest, dispel the inferences drawn from a lack of written documentation. This is incorrect. To disbelieve the inferences of waiver, a fact finder would have to rely on the credibility of the two executives. Frankly, we would not be surprised if a fact finder rejected the testimony of these two men. Since the courts cannot make credibility judgments on a motion for summary judgment, however, we cannot weigh the inferences from a lack of written documentation against the testimony of the two executives. The affidavits and inferences offer competing conclusions. We must draw all inferences in Wausau's favor. Therefore, we reverse the motion for summary judgment regarding the liability for interest.

## III. GOOD FAITH

■ We affirm, however, the second motion for summary judgment regarding Wausau's alleged bad faith for not making payment promptly upon demand. According to Georgia law, an insurer's failure to pay is in good faith as long as the insurer has "a defense which raises a reasonable question of law or a reasonable issue of

fact." *Georgia International Life Insurance Co. v. Harden,* 158 Ga.App. 450, 454, 280 S.E.2d 863, 866 (1981). The undisputed facts show that the inferences of waiver are sufficient to allow Wausau to contest the interest payments in good faith. Also, the issue concerning a lack of notice to the surety, while undecided, constitutes a reasonable defense and prevents a finding of bad faith. Because there are reasonable defenses, we uphold the district court's judgment that Wausau did not act in bad faith.

AFFIRMED in part, REVERSED in part. REMANDED for proceedings consistent with this opinion.