In re James Howard **HERNDON**, Debtor.

**FIRST CARD SERVICES,
INC., Appellant,**

v.

**James Howard HERNDON, Appellee.**

No. 95–506–Civ–J–20.

United States District Court,
M.D. Florida,
Jacksonville Division.

March 8, 1996.

Scott W. Spradley, Spradley & Tassell, Orlando, FL, for appellant.

R. Cash Barlow, Barlow & Shirley, P.A., Fernandina Beach, FL, for appellee.

## *ORDER*

SCHLESINGER, District Judge.

This cause is before the Court on an appeal of the decision of Judge Proctor rendered by the United States Bankruptcy Court for the Middle District of Florida ("the Bankruptcy Court"). Appellant First Card Services, Inc., filed its brief (Doc. No. 13) on August 31, 1995. Appellee James Howard Herndon filed his Answer Brief (Doc. No. 16) on September 21, 1995. Appellant First Card filed a Reply Brief on October 10, 1995 (Doc. No. 18).

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). The United States District Court functions as an appellate court in reviewing decisions of the Bankruptcy Court. *See In re Colortex Industries, Inc.,* 19 F.3d 1371, 1374 (11th Cir. 1994); *In re Williamson,* 15 F.3d 1037, 1038 (11th Cir.1994). Thus, while this Court reviews on a *de novo* basis the legal conclusions of the Bankruptcy Court, *see In re JLJ Inc.,* 988 F.2d 1112, 1116 (11th Cir.1993), it must accept the Bankruptcy Court's findings of fact unless those findings are clearly erroneous. *See In re Goerg,* 930 F.2d 1563, 1566 (11th Cir.1991); Bankr.Rule 8013.

The Court has reviewed the briefs of the parties, and has conducted a *de novo* review of the record, and of the findings and conclusions contained within the underlying Order of the Bankruptcy Court. Upon review of the record in this matter, including the arguments set forth by Appellee and Appellant, the Court finds Appellant's argument to be without merit. The conclusions of law made by the Bankruptcy Court are not contrary to applicable law. Additionally, the factual findings are not clearly erroneous.

Appellee filed a Motion for Summary Judgment in this case arguing that there was no genuine issue of material fact with respect to Appellee's intent to defraud. Appellant responded by filing two affidavits. The Bankruptcy Court considered the affidavits and the controlling law and found that the Appellant failed to carry its burden under Rule 56, Fed.R.Civ.P.

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

terrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir. 1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id.* When a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, *Key West Harbour v. City of Key West,* 987 F.2d 723, 726 (11th Cir.1993), and resolve all reasonable doubts in that party's favor, *Spence v. Zimmerman,* 873 F.2d 256, 257 (11th Cir.1989). The nonmovant need not be given the benefit of every inference, but only of every "reasonable" inference. *Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir.1988). It must be emphasized that the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported summary judgement motion. Rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512.

As stated above, Appellant submitted two affidavits in response to the motion for summary judgment. The first affidavit is merely a restatement of the Complaint, and is sworn to by the attorney of record in the case. The second affidavit is a statement from one of Appellant's officers which states in material part that Appellee had credit card accounts with First Card Services and failed to pay the amount due on those accounts. The Bankruptcy Court considered this evidence and rejected it as insufficient to raise a genuine issue of material fact in light of the controlling law. *See First National Bank of Mobile v. Roddenberry,* 701 F.2d 927 (11th Cir.1983); *Manufacturers Hanover Trust Company v. Cordova,* 153 B.R. 352 (Bkrtcy. M.D.Fla.1993). This Court agrees and finds

that Appellant has failed to sustain its burden under Rule 56, Fed.R.Civ.P., to go beyond the pleadings and present evidence sufficient to raise a genuine issue of material fact. The evidence submitted by Appellant in response to Appellee's motion for summary judgment was insufficient to raise a material issue of fact; thus, the Bankruptcy Court properly entered summary judgment against Appellant.

Accordingly, the Court hereby **AFFIRMS** the Order of the Bankruptcy Court which formed the basis for this appeal, namely, the Order entered on April 17, 1995, granting the Appellee's Motion for Summary Judgment, and accompanying Findings of Fact and Conclusions of Law.

With respect to Appellant's Motion for Attorney's Fees (Doc. No. 17), Appellee has up to and including March 25, 1996, to **SHOW CAUSE** why attorney's fees and costs in the amount of $2,890.00 should not be awarded against it. Appellant's Motion to Strike (Doc. No. 19) is **DENIED.**

DONE AND ORDERED.