**Carl YORDANICH, etc., Plaintiffs,**

**v.**

**Lenvil H. DICKS, Defendant.**

**No. 97–1499–CIV–J–20C.**

United States District Court,
M.D. Florida,
Jacksonville Division.

March 2, 2000.

Albert Mickler, Law Offices of Mickler & Mickler, Jacksonville, FL, Bambi Lynn Drysdale, Florida Legal Services, Inc., Jacksonville, FL, for Carl Yordanich.

Dana G. Bradford II, Rebecca Bowen Creed, Baumer, Bradford & Walters, P.A., Jacksonville, FL, for Lenvil H. Dicks.

Marilyn M. Porter, Lake City, FL, pro se.

SCHLESINGER, District Judge.

### *ORDER*

This matter is before the Court on the Plaintiffs' Motion for Partial Summary Judgment on the Issue of Class Liability and Motion Requesting Court–Issued Notice to Class Membership (Docs. No. 97 and 111) Defendant has filed objections thereto. Accordingly, these matters are ripe for consideration. As an initial matter, because this Court has already granted Plaintiff's motion for class certification, Plaintiff's Motion for Summary Judgment on Individual Merits (Doc. No. 50, filed 9/25/98) is **MOOT.**

### I. *Background*

Defendant Mr. Dicks (Dicks or Defendant) is a land developer who sells land parcels and lots to individual consumers. Dicks normally utilizes an agreement for deed in these transactions which is not recorded. Therefore, Dicks continues to hold these properties in his name after the sale. Dicks also finances home improvements. In 1997, Dicks did not give Truth in Lending (TILA) disclosures in conjunction with these real estate transactions. *See* 15 U.S.C. § 1601 *et seq.*

Dicks normally pays the real estate taxes on land parcels held in his name the November before they become due. Dicks receives a four percent discount for the

early tax payment. After paying the tax, Dicks sends demand statements to the property residents seeking reimbursement for his payment of the tax. However, in 1997, Dicks requested reimbursement from the consumers for the full amount of the taxes rather than the discounted rate he paid. Dicks did not provide TILA disclosures with the tax bill. Plaintiffs allege that both of these practices violate the TILA.

## I. *Summary Judgment Motion*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A defendant may move for summary judgment as to the entire case "or any part thereof." Fed. R.Civ.P. 56(b). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact to be decided at trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence supporting the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits. *See id.* When a moving party has discharged this burden, the nonmoving party must then "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548 (quotations omitted).

In determining whether the moving party has met its burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmoving party. *See Key West Harbour Development Corp. v. City of Key West,* 987 F.2d 723, 726 (11th Cir.1993). The nonmoving party need not be given the benefit of every inference, but only of every "reasonable" inference. *See Brown v. City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988) (citations and quotations omitted).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *See Augusta Iron & Steel Works v. Employers Ins. of Wausau,* 835 F.2d 855, 856 (11th Cir.1988). It must be emphasized that "the mere existence of *some* alleged factual dispute ... will not defeat an otherwise properly supported motion for summary judgement; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. The inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

In Plaintiffs' Motion for Summary Judgment on Class Liability, they argue that there is no genuine issue of material fact regarding Defendant's TILA liability because Defendant admitted he did not provide TILA disclosures to members of the class in connection with financing transactions nor tax bills. This contention is undisputed. The relevant inquiry regarding liability, therefore, is whether these transactions are covered under TILA. To be covered under the TILA, the transactions must be, *inter alia,* "consumer transactions," made by a "creditor" as those terms are defined under the Act and must not qualify for any of the Act's exclusions. Regarding the financing transactions, Defendant fails to provide this Court with any case law or other authority to bolster his opposition to TILA covering these purchases. Accordingly, no genuine issue of material fact exists as to whether Defendant is liable under TILA for failing to provide financing statements to consumers that executed monetary repayment obligations with him in 1997. Therefore, summary judgment on behalf of Plaintiffs is appropriate for these transactions.

Regarding the tax bills, Defendant argues that the additional amount, over and above what he paid for the taxes does not qualify as a "finance charge" as defined under TILA, and that the tax billing statements do not create a new "credit transaction." Plaintiff, of course, disputes these contentions and provides a relevant case cite and holding: where a creditors "requir[es] its borrowers as a condition to the extension of credit to pay an avoidable economic cost, that cost is a finance charge." *See First Acadiana v. FDIC,* 833 F.2d 548, 550 (5th Cir.1987). Plaintiff also calls this Court's attention to an arguably similar holding where a court held that contractually unauthorized force-placed insurance constitutes a new credit transaction which requires TILA disclosures. *See Travis v. Boulevard Bank N.A.,* 880

F.Supp. 1226, 1229–31 (N.D.Ill.1995). Defendant, however, argues that the Federal Reserve Board has specifically excluded discounts for early payment of ad valorem taxes from TILA. Defendant failed to provide this Court with the cited authority. Accordingly, the parties are directed to submit a memorandum of law regarding the applicability of the cited Federal Reserve Board Opinion letter to this Court within **Ten Days.**

Regarding Plaintiff's Motion Requesting Court Issued Notice to Class Membership, Defendant argues that this Court should strike the Notice request because he did not approve of Plaintiff's Local Rule 3.01(g) statement. Upon review of Defendant's allegations, this Court finds that Defendant's argument lacks merit. Defendant also objects to the form of the proposed class notice. Defendant argues that the proposed notice is "overreaching, improper" and includes language that is untrue because it asserts that Defendant failed to give the "required" TILA disclosures. Defendant also argues that the classes should not be notified until this Court determines liability. Because this Court finds that Defendant's objections lack merit, Plaintiffs' Motion for court issued notice is **GRANTED.** Lastly, In Plaintiffs' motion, they request this Court order Defendant to produce the names and addresses of the individuals described in this Court's order that granted their class certification motion. Plaintiff's request is **GRANTED.** Defendant shall have **ten days** to produce a list of the individuals that meet the definition of the classes listed in this Court's class certification order.

Accordingly, it is hereby ORDERED and ADJUDGED:

Plaintiff's Motion for Summary Judgment on Individual Merits is **MOOT.** Plaintiff's Motion for Summary Judgment Regarding Class Liability is **GRANTED IN PART.** The Defendant is liable for violating TILA when he failed to provide consumers, that executed monetary repayment obligations with

Defendant in 1997, with TILA statements. The parties shall also have **ten days** to submit a memorandum of law on the Federal Reserve Board's Letter regarding the tax prepayment issue.

Plaintiff's Motion for court issued notice is **GRANTED.**

Defendant shall have **ten days** to produce a list of the individuals that meet the definition of the classes listed in this Court's class certification order.