**Ronald COMER and Kenneth Palmer, Plaintiffs,**

v.

**CITY OF PALM BAY, Defendant.**

**No. 6:98–CV–868–ORL3ABI18.**

United States District Court, M.D. Florida, Orlando Division.

May 19, 2000.

Mark E. Tietig, Lisa Kuhlman Tietig, Tietig & Tietig, Merritt Island, FL, for Ronald Comer.

Craig M. Rappel, Robert Rappel, Rappel & Rappel, P.A., Vero Beach, FL, for Kenneth Palmer.

Kenneth Palmer, Kissimmee, FL, pro se.

Rosa Houston Carson, Lucille E. Turner, Leonard A. Carson, Carson & Adkins, Tallahassee, FL, for City of Palm Bay.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration at hearing on April 27, 2000 on the following motions:

MOTION: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Docket No. 41]

FILED: March 6, 2000

DISPOSITION: GRANTED as to plaintiff Palmer and DENIED as to plaintiff Comer.

MOTION: DEFENDANT'S MOTION TO STRIKE [Docket No. 83]

FILED: April 21, 2000

DISPOSITION: DENIED.

## I. *INTRODUCTION*

On July 28, 1998, plaintiffs Ronald Comer and Kenneth Palmer filed a single complaint alleging racial discrimination (in the case of Comer, who is African–American) and ethnic discrimination (in the case of Palmer, who is of Puerto Rican heritage) by the City of Palm Bay. Docket No. 1. Comer and Palmer were, at the relevant times, Palm Bay police officers. On October 13, 1998, defendant City of Palm Bay filed its answer. Docket No. 9. At a hearing on February 9, 1999, the Court granted attorney Mark Tietig's motion to withdraw as counsel for plaintiff Palmer. Docket No. 16. Tietig remained as counsel for Comer. On July 6, 1999, attorney Craig Rappel filed a notice of appearance on behalf of Palmer. Docket 18. By order dated September 16, 1999, the Court denied plaintiff Comer's motion to file an amended complaint. Docket No. 25. At a hearing on January 4, 2000, the Court denied without prejudice plaintiff Palmer's motion to stay his portion of the present action due to his service in the National Guard. Docket No. 34.

On March 6, 2000, defendant Palm Bay filed its motion for summary judgment as to both Comer and Palmer. Docket No. 41. On March 24, 2000, the Court entered a *Milburn* order setting forth the deadline

for plaintiffs' respective oppositions to Palm Bay's motion for summary judgment and requiring plaintiffs to file with any such opposition a statement of disputed facts (with pinpoint record citations). Docket No. 65. On April 3, 2000, plaintiff Comer filed a memorandum in opposition to summary judgment [Docket No. 71], along with a statement of disputed facts [Docket No. 70]. On April 5, 2000, plaintiff Palmer filed a memorandum in opposition to summary judgment. Docket No. 75. Palmer did not (and has not) filed the statement of disputed facts required by the Court's March 24, 2000 *Milburn* order. On May 4, 2000, the parties filed a joint pretrial statement. Docket No. 92.

## II. *THE LAW*

### A. *Standard of Review on Summary Judgment*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Jeffery v. Sarasota White Sox,* 64 F.3d 590, 593–94 (11th Cir.1995); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or

on any claim. *Id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989); *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988). The Eleventh Circuit has explained the reasonableness standard:

in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox,* 64 F.3d 590, 594 (11th Cir.1995), quoting *WSB–TV v. Lee,* 842 F.2d 1266, 1270 (11th Cir.1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance*

*of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

■ In cases where employment discrimination has been alleged, the Eleventh Circuit has long stated that the granting of summary judgment is especially questionable, because such cases usually involve the examination of motive and intent. *Batey v. Stone,* 24 F.3d 1330, 1336 (11th Cir.1994) (quoting *Hayden v. First Nat'l Bank,* 595 F.2d 994, 997 (5th Cir.1979)). *Accord Johnson v. Minnesota Historical Soc'y,* 931 F.2d 1239, 1244 (8th Cir.1991) ("Summary judgment should seldom be used in cases alleging employment discrimination."). A defendant in an employment discrimination case is nevertheless entitled to summary judgment if the plaintiff has failed to establish a prima facie case. *See Pace v. Southern Railway System,* 701 F.2d 1383, 1391 (11th Cir.1983).

## B. *Material Submitted in Opposition to Summary Judgment*

■ Federal Rule of Civil Procedure 56(c) provides that the party making a motion for summary judgment may submit affidavits to support its argument as the absence of a genuine issue of material fact.

Rule 56(e) provides as follows regarding the materials that the non-movant must submit in response:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The non-movant must adduce significant probative evidence that would be sufficient for a jury to find for the non-movant. *LaChance v. Duffy's Draft House,* 146 F.3d 832, 834 (11th Cir.1998), *citing Liberty Lobby, Inc.,* 477 U.S. at 249, 106 S.Ct. 2505. A reviewing court generally cannot consider inadmissible hearsay evidence in opposition to a summary judgment motion. *Macuba v. Deboer,* 193 F.3d 1316, 1322 (11th Cir.1999). In considering a motion for summary judgment, a reviewing court must consider all the proffered evidence and cannot disregard a party's affidavit merely because it conflicts to some degree with an earlier deposition. *Kennett–Murray Corporation v. Bone,* 622 F.2d 887, 893 (5th Cir.1980). However, when a party has given clear answers to unambiguous

questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony. *Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984).

### C. *Exhaustion of Administrative Remedies Under Title VII*

■ Section 2000e–5 (f)(1) of 42 U.S.C. permits private civil lawsuits to enforce the rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e, *et. seq.* An aggrieved individual may file a private suit if the Equal Employment Opportunity Commission fails to commence a suit in the Commission's name within one hundred eighty days of the date the individual files a charge of discrimination with the EEOC. 42 U.S.C. § 2000e–5 (f)(1). The language of § 2000e–5 (f)(1) clearly contemplates the filing of a grievance with the EEOC and a subsequent investigation of the facts alleged in the grievance by the EEOC. The grievance must be filed with the EEOC within one hundred eighty days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5 (e)(1). Read together, § 2000e–5 (e)(1) and (f)(1) impose an administrative exhaustion requirement in private Title VII suits. The timely filing of a charge of discrimination is a prerequisite to bringing a private suit under Title VII. *Calloway v. Partners National Health*, 986 F.2d 446, 449 (11th Cir.1993).

■ A Title VII plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the administrative charge of discrimination. *A.M. Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir.2000). As long as allegations in the judicial complaint and proof are reasonably related to charges in the administrative filing and no material differences between them exist, the court will entertain them. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir.1989). Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate. *Wu*, 863 F.2d at 1547. Allegations of new acts of discrimination, offered as the essential basis for the requested judicial action, are not appropriate. *Wu*, 863 F.2d at 1547.

### III. *APPLICATION AND ANALYSIS*

Palm Bay asserts numerous alternative and, in some instances, overlapping grounds for summary judgment. There are two main lines of Palm Bay's argument: 1.) plaintiffs' failure to exhaust administrative remedies and to comply with statutory prerequisites; and 2.) the absence of a genuine issue of material fact as to each of plaintiffs' causes of action. The Court addresses these contentions in turn.

First, the agreed facts in the joint pretrial statement contradict Palm Bay's argument that Palmer failed to exhaust his administrative remedies. Docket No. 92, Exhibit Q ("Palmer has met all prerequisites to filing suit under Title VII"). Similarly, the agreed facts in the joint pretrial statement contradict Palm Bay's argument that Comer failed to comply with Florida statutory prerequisites. Docket No. 92, Exhibit P. The record contains the charge of discrimination that Comer filed with the Florida Commission on Human Rights on November 14, 1997. Docket No. 71, Exhibit NN. The allegations in the complaint in this Court are reasonably related to the charges in Comer's administrative filing.

In determining the existence of a genuine issue of material fact, the Court must determine the proper weight to accord to the plaintiffs' own sworn statements in the verified complaint [Docket No. 1] and in Comer's affidavit in opposition to summary judgment [Docket No. 71, Exhibit A]. In

his lengthy statement of facts [Docket No. 70] accompanying his memorandum in opposition to defendant's motion for summary judgment [Docket No. 71], Comer relies very heavily on his own statements in his affidavit and the verified complaint. Defendant Palm Bay requests that the Court strike numerous portions of the affidavits and documents submitted by Comer in opposition to summary judgment. Docket No. 83. Palmer, in spite of the Court's March 24, 2000 *Milburn* order [Docket No. 65], did not file a statement of contested facts or any other evidence.

■ The Court has reviewed at length both the record evidence proffered by Comer, and Palm Bay's objections to various portions of it. Comer relied heavily on his own affidavit and the verified complaint. Nevertheless, viewing the evidence in a light most favorable to the nonmovant, Comer has succeeded in adducing evidence that would be sufficient for a jury to return a verdict in his favor. The Court has found no Eleventh Circuit case holding that a non-movant's affidavit, standing alone, is insufficient to defeat summary judgment. Defendant Palm Bay does ask the Court to strike various statements in the affidavit because they conflict with Comer's deposition testimony. However, the alleged contradictions are not so great as to render Comer's affidavit a sham affidavit that can be disregarded. The Court also finds sufficient non-hearsay evidence in Comer's affidavit to create a genuine issue of material fact for the jury as to whether Palm Bay discriminated against Comer on the basis of race.

Plaintiff Palmer, on the other hand, has failed to adduce any record evidence to demonstrate the existence of a genuine issue of material fact. This is true even drawing all inferences from the verified complaint in Palmer's favor. Palmer's opposition to summary judgment states that "[t]he majority of Plaintiff Palmer's reli-

ance on disputed facts are derived from his deposition." Docket No. 75. However, Palmer has not transcribed and filed a complete copy of this deposition and has filed no other evidence. Palmer (through his counsel) invites the Court to rely generally on the verified complaint.

■ Palmer chose not to file a statement of disputed facts. The Court, therefore, deems admitted the facts alleged by defendant City of Palm Bay in its motion for summary judgment. Docket No. 65 ("To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, a separate 'Statement of Disputed Facts,' with pinpoint citations to the record, shall accompany the memorandum in opposition.") The Court rejects Palmer's argument that his ability to develop a discovery record sufficient to defeat summary judgment has been severely limited by his military service in the National Guard. The Court has twice carefully considered and rejected Palmer's motion to stay these proceedings. In each instance, the Court has expressed its willingness to consider other alternatives short of a stay to accommodate the demands imposed by Palmer's military service. Palmer has failed to propose any such alternative. Furthermore, Palmer's own sworn statement reflects that his present military training commenced on October 8, 1999. Docket No. 66, Exhibit A. This gave Palmer more than a year prior to his present military assignment to develop a discovery record.

■ By order dated May 1, 2000, the Court granted Palmer's unopposed motion to dismiss without prejudice his state law causes of action. Docket No. 89. At the April 27, 2000, Palmer also made an oral motion to dismiss without prejudice his remaining (federal) causes of action. The Court reserved ruling on this motion pending its resolution of the motion for sum-

mary judgment. The Court concludes that, in light of Palmer's complete failure to develop any discovery record despite a discovery period of almost two years and in light of the Court's repeated invitation to propose alternatives to accommodate the demands of Palmer's military service, dismissal *with prejudice* of the federal claims is the only appropriate remedy. Accordingly, it is

**ORDERED** that the defendant's motion for summary judgment [Docket No. 41] is **GRANTED** as to plaintiff Palmer and **DENIED** as to plaintiff Comer.

**FURTHER ORDERED** that defendant's motion to strike [Docket No. 83] is **DENIED.**