**Jason K. WILLETS, Plaintiff,**

v.

**INTERSTATE HOTELS, LLC, a foreign limited liability corporation d/b/a Sawgrass Marriott Resort, Defendant.**

**No. 3:01CV206–J–20TEM.**

United States District Court,
M.D. Florida,
Jacksonville Division.

May 6, 2002.

---

Archibald J. Thomas, III, Philip Daniel Williams, Archibald J. Thomas, III, P.A., Jacksonville, FL, for Jason K. Willets, plaintiff.

John R. Hunt, Stokes & Murphy, Atlanta, GA, Richard N. Margulies, Akerman, Senterfitt & Edison, Jacksonville, FL, Christopher Terrell, Stokes & Murphy, Atlanta, GA, for Interstate Hotels, L.L.C., a foreign limited liability corporation, defendant.

### ORDER

SCHLESINGER, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 15, filed February 1, 2002) and Plaintiff's Response (Doc. No. 23, filed February 19, 2002). Plaintiff's Amended Complaint (Doc. No. 13, filed November 23, 2002) asserts a claim of sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and state law claims of invasion of privacy, assault, battery, and negligent supervision or retention. Plaintiff alleges that while employed as a dining room attendant, and later a server, at the Café on the Green in the Sawgrass Mariott Resort ("Mariott"), he was sexually harassed by Duane Parsons, another dining room attendant. Parsons, who is deaf-mute and must sometimes resort to gesturing or touching to communicate, allegedly harassed Plaintiff over a course of several years. Although Plaintiff alleges that he began reporting the harassment as early as 1995, he claims that his employer failed to take adequate steps to control Parsons until August 2000, when Plaintiff filed a complaint with Mariott's human resources department on August 10, 2000. Following an investigation, Parsons was suspended on August 11, 2000, and ultimately terminated for violating Mariott's sexual harassment policy.

### Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). When a moving party has discharged its burden, the nonmoving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the nonmovant, *Key West Harbour v. City of Key West,* 987 F.2d 723, 726 (11th Cir.1993), and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256, 257 (11th Cir.1989).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron and Steel Works v. Employers Insurance of Wausau,* 835 F.2d 855, 856 (11th Cir. 1988). It must be emphasized that the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported summary judgment motion. Rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

**Analysis**

The Supreme Court has recognized that a plaintiff may bring a Title VII claim based on "same sex" sexual harassment. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Thus, the fact that Plaintiff alleges that he was harassed by another man does not necessary preclude his Title VII claim.

Nevertheless, as with other forms of unlawful harassment, in order to prevail under Title VII Plaintiff must show: (1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment was based on his membership in a protected class; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable. *See Mendoza v. Borden, Inc.,* 195 F.3d 1238, 1245 (11th Cir.1999) (citing *Henson v. City of Dundee,* 682 F.2d 897, 903–05 (11th Cir.1982)).

As reflected in the fourth of these elements, not all harassment is actionable. For example, offhand comments and isolated incidents will not amount to discriminatory changes in the "terms and conditions" of employment and therefore do not amount to harassment under Title VII. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Rogers v. E.E.O.C.,* 454 F.2d 234, 238 (5th Cir.1971). In weighing the severity of the harassment, four important factors to consider are: (1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating; and (4) whether the conduct unreasonably interferes with the employee's job performance. *Mendoza,* 195 F.3d at 1246. Moreover, the Supreme Court has emphasized that: "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' In same-sex (as in all) harassment cases, that inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target." *Oncale,* 523 U.S. at 81, 118 S.Ct. 998 (quoting *Harris v. Forklift Systems,*

*Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

Plaintiff alleges that Parsons continuously harassed him from 1993 up until Parsons' termination in August 2000. Viewing the facts in the light most favorable to Plaintiff, the harassment consisted of Parsons' hugging Plaintiff in a sexualized manner, rubbing Plaintiff's head and shoulders, frequently indicating that he loved Plaintiff, once kissing Plaintiff on the neck, once grabbing Plaintiff's buttocks, and once placing his hand on the inside of Plaintiff's thigh near his crotch. In his deposition, Plaintiff guessed that Parsons tried to hug him "around 20 [times]" from 1993 to 2000. Even when considered collectively, these incidents are not frequent or severe enough to constitute actionable harassment. Although the record supports that Parsons may have been extremely irritating to Plaintiff and other Mariott employees, there is no indication that Plaintiff ever felt physically threatened by Parsons, and there is little indication in the record that these incidents unreasonably interfered with Plaintiff's job responsibilities.

Moreover, Parsons was often forced to rely on touch as a consequence of his disability. Although this did not give Parsons license to sexually harass coworkers, the Court must consider this fact in weighing the severity of the harassment. Given this context as well as all other relevant circumstances, the Court finds that Plaintiff cannot demonstrate the level of pervasiveness necessary to sustain a cause of action for sexual harassment under Title VII. *See Mendoza,* 195 F.3d at 1246–47 (cataloguing cases from other circuits holding that alleged incidents of harassment were insufficient to be actionable under Title VII).

The Court also questions whether the alleged harassment occurred because of sex. *See id.* at 1248 n. 5 ("To establish that the harm alleged was 'based on her sex,' [plaintiff] 'must show that but for the fact of her sex, she would not have been the object of harassment.' " (quoting *Henson,* 682 F.2d at 904)). For example, at least one of Parsons' coworkers indicated that Parsons hugged both men and women. Plaintiff seems to acknowledge as much, though he claims that Parsons affections were overwhelmingly directed toward men. Because the Court has concluded that the incidents involving Parsons were not sufficiently severe to constitute unlawful harassment, it is unnecessary to determine whether the alleged harassment was necessarily "because of" Plaintiff's sex. The Court also declines to consider Defendant's alternative argument that Plaintiff unreasonably failed to put his employer on notice of the harassment.

## Conclusion

Plaintiff has failed to sustain his burden in showing actionable harassment. Therefore it is **ORDERED** that:

1) Defendant's Motion for Summary Judgment (Doc. No. 15, filed February 1, 2002) is **GRANTED,** insofar as Count I of Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE;**

2) Counts II, III, IV, and V of Plaintiff's Amended Complaint, raising claims under state law, are **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1367(c)(3).

3) The clerk shall close the file.