[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-10497

_____

D.C. Docket No. 02-00138 CV-OC-10-GRJ

SHARON KAY,

Plaintiff-Appellant,

versus

LESTER COGGINS TRUCKING, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 13, 2005)**

Before ANDERSON, PRYOR and HILL, Circuit Judges.

PER CURIAM:

This is an appeal from the grant by the district court of a motion and supplemental motion for summary judgment filed by Lester Coggins Trucking, Inc. (LCT or trucking company), and the denial of a motion for summary judgment filed by Sharon Kay (Kay), in an action brought by Kay against LCT, under both the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq*., and the Florida Civil Rights Act of 1992 (FCRA), § 760.01, *et seq*. Kay filed suit against LCT when it did not hire her as a truck driver because she had a lifting restriction. Based upon the following, we affirm the judgment of the district court.

I.

Kay claims that LCT is liable under the ADA because it erroneously regarded her as having a substantially limiting impairment.[1] Kay asserts that she can easily fulfill all the job requirements of a trucker, and, in fact, was hired by another trucking company two years later. Nevertheless, she contends that she is "an unimpaired person regarded as having a substantially limiting impairment," thereby satisfying the third category of "disability" under the ADA. *See* 42 U.S.C. § 12102(2) (C); 29 C.F.R. § 1630.2(g)(as a person without an impairment that

_____

[1] As Florida courts apply the same federal ADA analytical framework to state FCRA claims, we will phrase our discussion in ADA terms only. *See Chanda v. Engelhard/ICC*, 234 F.3d 1219 (11th Cir. 2000).

2

substantially limits major life activities, but one who is perceived as having a limiting impairment). She claims she was discriminated against when LCT withdrew its conditional offer of employment upon learning of her lifting restriction.

The facts are not in dispute. They will not be repeated at length here. Suffice it to say that Kay underwent successful neck fusion surgery in May 2000. Her neurosurgeon, Dr. Stevenson, placed no restrictions on her future activities.

Five months later she sought employment with LCT. Kay testified it was her intent to work with her husband as part of a LCT driving team. According to LCT's standard, published job description for LCT driving teams, each LCT driving team member was required to lift up to fifty (50) pounds as one of the job requirements and pass a Department of Transportation (DOT) physical examination. Doc. 96, Ex. K.

After application was made, Kay was referred to Dr. Medero's clinic for the DOT evaluation. Although she passed the physical examination, occupational physician Dr. Medero temporarily restricted Kay from lifting more than thirty (30) pounds and from reaching above her shoulders. Dr. Medero testified that he did so due to her recent surgery. In his opinion, the results of the surgery were not completely healed. Dr. Medero testified that he believed that if he did not impose

3

a temporary lifting restriction on Kay, she would face a much greater risk of re-injury than a similar applicant who had not undergone surgery.

Kay did not seek any reasonable accommodation from LCT for the lifting restriction imposed. For example, she did not ask LCT to allow her to drive as a team with her husband. Although Drs. Medero and Stevenson differ in their opinion of Kay's post-operative lifting restrictions in terms of weight, they both agree that Kay did not suffer even a *partial permanent disability* but only a *temporary disability*.

## II.

In granting LCT's motion for summary judgment, the district court found that Kay did not meet her burden of establishing a *prima facie* case of discrimination under the ADA.[2] Based upon the following discussion, we agree.

## III.

We review the grant by the district court of LCT's motion for summary judgment *de novo*, viewing the facts in a light most favorable to Kay. *See Watkins v. Ford Motor Co..* 190 F.3d 1213, 1216 (11th Cir. 1999). We resolve all reasonable inferences and facts in a light most favorable to Kay, the nonmoving

---

[2] The two remaining issues raised by Kay in her brief are without merit and are affirmed without discussion. *See* 11th Cir. R. 36-1.

4

party.  *Id.*; *see also Augusta Iron and Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988).

IV.

The ADA protects "qualified individuals with a disability" from discrimination in their employment, the hiring process, or promotions.  42 U.S.C. § 12112(a).  To prove that an employer violated Title I of the ADA, the plaintiff must first establish a *prima facie* case by proving each of the following three elements: (1) that the plaintiff is a "qualified individual," (2) with a "disability," and (3) that the plaintiff was excluded from the position sought because of the disability.  42 U.S.C. § 12112.

In order to prove an ADA violation, a plaintiff must prove that he or she has a disability.  The statutory framework, section 3(2) of the ADA, defines *disability* in the following manner: "[t]he term 'disability' means, with respect to an individual:  (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) an individual regarded as having such an impairment.[3]  42

---

[3] On appeal, Kay appears to have abandoned her argument as to (A) and (B).  We will therefore only discuss (C), whether LCT erroneously 'regarded her as disabled.'

U.S.C. § 12,102(2); *Sutton v. United States*, 119 S.Ct. 2139 (1999); *Doe v. Dekalb County School District*, 145 F.3d 1441, 1445 (11ᵗʰ Cir. 1998).

The companion regulations provide that in order to prove that LCT 'regarded her as disabled,' Kay must establish any one of the following three requirements: (1) that she has a physical impairment that does not substantially limit any of her major life activities but is treated by LCT as constituting such a limitation; (2) that she has a physical or mental impairment that substantially limits one of her major life activities but only as a result of LCT's attitude toward such impairment; or (3) that she has no physical or mental impairment but is treated by LCT as having such an impairment. *See* C.F.R. § 1630.2; *Sutton*, 119 S.Ct. at 2145-46; *Rossbach v. City of Miami*, 371 F.3d 1354, 1359-60 (11ᵗʰ Cir. 2004).

In this case, Kay must prove that she has a 'disability' for purposes of the ADA because she was "regarded as having an impairment" by LCT. Although Kay was not impaired, was she regarded as impaired by LCT when it learned of Dr. Medero's recommendation that she not lift more than thirty (30) pounds? 29 C.F.R. § 1630.2(g). The fact that she claims she was perceived to be unable to lift her arms above her head or to lift more than thirty (30) pounds can be considered *an impairment, yet not a disability* for purposes of proving a *prima facie* case

6

under the ADA. *See Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 122 S.Ct. 681, 690 (2002).[4] To make this determination, we must consider (1) the nature and severity of Kay's impairment, (2) the duration or expected duration of her impairment, and (3) the permanent or long-term impact of her impairment. *See Gordon v. E. L. Hamm & Assoc., Inc.*, 100 F.3d, 907, 912 (11th Cir. 1996) *citing* 29 C.F.R. § 1630.2(j)(2).

We have thoroughly examined the record. Kay has produced no evidence that LCT erroneously perceived her to have a substantially limiting and significant impairment. Furthermore, her only impairment, real or imagined, was neither severe, permanent nor long-term for purposes of the ADA. It was temporary. There was nothing to prevent Kay from re-applying for the job, once this short-

---

[4] Although this circuit has never directly decided the question of whether a lifting restriction fails as a matter of law to establish a disability within the meaning of the ADA, a number of other circuits have determined that it does. *See Reed v. Heil Co.,* 206 F.3d 1055, 1061 (11th Cir. 2000) *citing Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539-40 (9th Cir. 1997); *Williams v. Channel Master Satellite Systems, Inc.*, 101 F.3d 346, 349 (4th Cir. 1996); *Aucutt v. Six Flags Over Mid-America, Inc.*, 85 F.3d 1311, 1319 (8th Cir. 1996); *Ray v. Glidden Co.*, 85 F.3d 227, 228-29 (5th Cir. 1996). One district court in Georgia has chosen not to follow the case law of these other circuits. It held that a serious and *permanent* lifting restriction could be considered a disability under the ADA. *See Frix v. Florida Tile Industries, Inc.*, 970 F.Supp. 1027, 1034 (N.D.Ga.1997)(emphasis added). Based on the facts of this case, we need never reach the issue of whether a lifting restriction constitutes or doesn't constitute a disability for purposes of the ADA. Kay's impairment was temporary. Even Drs. Stevenson and Medero, who disagree over whether a lifting restriction is necessary at all, both agree that Kay's condition is only temporary and that she did not suffer even a *partial* permanent disability. For this reason, *Frix* is distinguishable on its facts. *Id.*

term period had passed.  For this reason, Kay cannot satisfy the third category of "disability" under 42 U.S.C. § 12201(2)(C)  and 29 C.F.R. § 1630.2(g).  *See also* note 4 *supra.*

As Kay could not meet the requirements of LCT's published job description, she was unable to perform the essential functions of the position for which she applied.  These requirements were job related and consistent with business necessity.  Kay simply was not qualified for the job at the time she applied.

VI.

Examining the facts in the light most favorable to Kay, Kay has failed to establish a *prima facie* case of discrimination under the ADA.  Under a *de novo* review, the district court properly granted LCT's motion for summary judgment. The order and judgment of the district court are affirmed.

AFFIRMED.